**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-20330-KMM

SYMBOLOGY INNOVATIONS, LLC,

    Plaintiff,

v.

CHEWY.COM,

    Defendant.

                                   /

**PATENT PRETRIAL ORDER**

The following rules shall govern the instant matter.

## I. PATENT DISCLOSURES

1. <u>Disclosure of Asserted Claims and Infringement Contentions</u>: Not later than fourteen (14) days after the date of this Patent Pretrial Order, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." The serving party shall file notice with the Court of timely compliance with this deadline. Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

   a. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

   b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible.

Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

c. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

e. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

g. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process,

      method, act, or other instrumentality that incorporates or reflects that particular claim.

   h. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

2. <u>Invalidity Contentions</u>: Not later than forty-five (45) days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions." The serving party shall file notice with the Court of timely compliance with this deadline. The "Invalidity Contentions" shall contain the following information:

   a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

    b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

    c. A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    d. Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

3. <u>Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity</u>:

    a. In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid the "Disclosure of Asserted Claims and Infringement Contentions" requirement established by this Order shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than fourteen (14) days after the defendant serves its answer, or fourteen (14) days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its Invalidity Contentions that conform to the requirements for "Invalidity Contentions" established by this Order. The serving party shall file notice with the Court of timely compliance with this deadline.

    b. This rule shall not apply to cases in which a request for a declaratory judgment that a patent is invalid is filed in response to a complaint for infringement of the same patent.

4. <u>Amendment to Contentions</u>:

    a. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

        i. A claim construction by the Court different from that proposed by the party seeking amendment;

        ii. Recent discovery of material, prior art despite earlier diligent search; and

        iii. Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

    b. The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

## II. CLAIM CONSTRUCTION PROCEEDINGS

1. <u>Exchange of Proposed Terms for Construction</u>:

    a. Not later than fourteen (14) days after service of the "Invalidity Contentions" pursuant to this Order, not later than forty-two (42) days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" in those actions where validity is not at issue, or, in all cases in which a party files a complaint or other pleading seeking a declaratory judgment not based on validity, not later than

fourteen (14) days after the defendant serves an answer that does not assert a claim for patent infringement, each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall file notice with the Court of timely compliance with this deadline.

    b. The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the ten (10) terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

2. <u>Joint Claim Construction and Prehearing Statement</u>: Not later than sixty (60) days after service of the "Invalidity Contentions," the parties shall complete and file with the Court a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

    a. The construction of those terms on which the parties agree;

    b. Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

c. An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of ten (10). The parties shall also identify any term among the ten whose construction will be case or claim dispositive. If the parties cannot agree on the ten most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed ten (10). For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant. If a party genuinely believes that it will require that more than ten terms be construed, that party may, after meeting and conferring with opposing counsel, file a motion for leave to designate additional terms for construction. The requesting party must demonstrate good cause and explain why other methods of limiting the claims at issue (such as the selection of representative claims or any grouping of claims by issues presented) would be ineffective. The request must be filed no later than two weeks before the deadline for filing the joint claim construction statement. If good cause is shown, the court will either agree to construe all terms or schedule a second claim construction proceeding on the terms that exceed ten. If more than ten terms are submitted for construction without leave of court, the court will construe the first ten terms listed in the joint claim construction statement and sanctions may be imposed.

    d. The anticipated length of time necessary for the Claim Construction Hearing;

    e. Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

3. <u>Completion of Claim Construction Discovery</u>: Not later than thirty (30) days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement or Joint Claim Construction and Prehearing Statement.

4. <u>Claim Construction Briefs</u>:

    a. Not later than forty-five (45) days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file with the Court an opening brief and any evidence supporting its claim construction.

    b. Not later than fourteen (14) days after service upon it of an opening brief, each opposing party shall serve and file with the Court its responsive brief and supporting evidence.

    c. Not later than seven (7) days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file with the Court any reply

8

      brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

5. <u>Claim Construction Hearing</u>:

   a. Following submission of the reply brief specified above, the Court shall conduct a Claim Construction Hearing, to the extent the Court believes a hearing is necessary for construction of the claims at issue.

   b. The court will not ordinarily hear extrinsic evidence at the claim construction hearing. Should it become apparent that testimony will be necessary, counsel may request a telephone conference with the court within two weeks of the hearing to seek the court's approval.

   c. Demonstrative exhibits and visual aids are permissible at the hearing as long as they are based on information contained in the papers already filed. Counsel shall exchange copies of exhibits no later than forty eight hours prior to the hearing.

6. <u>Tutorial</u>: If required, the Court will schedule a tutorial to occur prior to the claim construction hearing. Each side will be permitted 30-45 minutes to present a short summary and explanation of the technology at issue. The patent holder makes the first presentation. Visual aids are encouraged. The Court prefers that someone other than counsel make the presentation. No argument will be permitted. The proceeding is not recorded and parties may not rely on statements made at the tutorial in other aspects of the litigation.

7. <u>Good Faith Participation</u>: A failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of Section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927.

8. <u>Subsequent Case Management:</u> Within thirty (30) days of the filing date of the claim construction ruling, the parties shall file with the Court a further joint case management status report. In that report, the parties must address the following topics:

   a. Whether either party wishes to certify the claim construction ruling for immediate appeal to the Federal Circuit;

   b. The filing of dispositive motions, and if multiple dispositive motions will be filed, any proposed grouping and timing of those motions and their hearings;

   c. If willful infringement has been asserted, whether the allegedly-infringing party wishes to rely on the advice of counsel defense. If so, the parties should be prepared to address proposals for resolving any attorney-client privilege issues that arise, and whether the parties believe bifurcation of the trial into liability and damages phases would be appropriate;

   d. Anticipated post-claim construction discovery;

   e. Any other pretrial matters; and

   f. The progress of settlement discussions, if any.

DONE AND ORDERED in Chambers at Miami, Florida, this __5th__ day of February, 2018.

_K. M. Moore_
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record